## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VELTON JONES,** | ) | **NUMBER:** |
|     **Plaintiff** | ) | |
| | ) | |
| | ) | **SECTION:** |
| **VERSUS** | ) | |
| | ) | |
| | ) | **JUDGE:** |
| | ) | |
| **WESTLAKE CHEMICAL CORPORATION,** | ) | |
|     **Defendant** | ) | **MAGISTRATE:** |

## COMPLAINT

### I. JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. 1981.  Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343.  Supplemental jurisdiction over claims under state law is also invoked pursuant to 28 U.S.C. Section 1367 to hear claims under Louisiana Civil Code articles 2315, 2316 and 2320 and LSA R.S. 23:311, 321, 331 *et seq*.  A jury trial is requested.

### II. PLAINTIFF

2.     Plaintiff, Velton Jones, is a male of the age of majority who resides in Iberville Parish, State of Louisiana in the Middle District of Louisiana. He filed a timely complaint with the EEOC and is filing this action within the requisite timeframe.

### III. DEFENDANT

3.     Defendant, Westlake Chemical Corporation, operates a plant in Ascension Parish, State of Louisiana in the Middle District of Louisiana at all relevant times. Furthermore, the principal place of business in Louisiana of defendant Westlake Chemical Corporation is in Baton

Rouge, Louisiana in the Middle District of Louisiana.

## IV. STATEMENT OF FACTS

4. Plaintiff began working for Defendant at the Geismar, Louisiana facility from December 2014 through December 2017.

5. Plaintiff had been ordered by his physician not to ascend or descend stairs at his place of employment with defendant in approximately April 2017. This condition was not caused by plaintiff's employment with defendant.

6. Plaintiff's employment with defendant began as a Board Operator in the control room of defendant's Geismar plant. Access to the control room did not require ascending or descending stairs.

7. Defendant and managers employed by defendant were aware that plaintiff was not to ascend or descend stairs as of approximately April 2017.

8. Plaintiff continued his employment as a board operator without ascending or descending stairs until October 2017, when plaintiff was ordered by a manager to engage in labors which were both outside the scope of plaintiff's employment duties and in violation of plaintiff's medical restrictions that plaintiff not ascend or descend stairs.

9. Defendant attempted to place plaintiff on short term disability leave, but plaintiff refused because plaintiff did not require short term disability leave. Plaintiff required only that defendant continue allowing plaintiff to operate as a Board Operator in the control room without violating the medical restrictions that plaintiff complied with from the inception of his employment by defendant.

10. Plaintiff was formally terminated in December 2017.

11. Plaintiff's medical restrictions against ascending or descending stairs was not the creation of a new position nor the elimination of an essential requirement because plaintiff performed the duties outlined in his initial job application without complaint.

12. Defendant revised plaintiff's job description after plaintiff complained in October 2017 that one of defendant's managers ordered plaintiff to engage in labors in violation of plaintiff's medical restrictions.

13. The post-October 2017 revised job description imposes requirements that were not part of plaintiff's initial job application prior to his employment in December 2014.

14. Plaintiff requested reasonable accommodation when he asked management why he was not allowed to return to the position that did not require ascending or descending stairs that aggravated his gout between October 2017 and December 2017.

15. Prior to Plaintiff's termination in December 2017, Plaintiff was retaliated against for requesting reasonable accommodation and for inquiring as to why he was denied reasonable accommodation with respect to his medical restrictions.

16. Despite repeated inquiry for reasonable accommodation and inquiries of grounds underlying disability discrimination, Plaintiff was terminated in December 2017.

17. Defendant refused prompt remedial action or accommodation for the pendency of Plaintiff's inquiries.

18. Subsequent to Plaintiff's termination, Plaintiff filed a complaint with the EEOC alleging the preceding facts and grounds for subsequent causes of action.

### V. CAUSES OF ACTION
Discrimination in Violation of 42 U.S.C. §2000e, *et seq*. (Title VII) for Age, Race, Disability, and Retaliation

19. Plaintiff re-alleges all facts listed in paragraphs 2 - 18.

20. The actions of Defendant as described herein, display a wanton and reckless disregard for Plaintiff's Federally-protected civil rights and rights granted by Louisiana law.

21. Furthermore, Defendant is liable under Federal law for not training its managers on federal laws regarding disability-based discrimination and retaliation.

22. Defendant intentionally, knowingly, recklessly and excessively violated Plaintiff's civil rights when allowing other employees to deny plaintiff reasonable accommodation.

23. Defendant intentionally, knowingly, recklessly, and excessively violated Plaintiff's civil rights in allowing Plaintiff's supervisor(s) to retaliate against Plaintiff in requesting reasonable accommodation and inquiring as to why Plaintiff was denied reasonable accommodation under Federally-mandated anti-retaliation law.

24. Defendant's conduct proximately caused significant injuries and damages to Plaintiff for damages cause by Defendant's actions, *inter alia*:

    i. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that recognize, protect, and ensure adherence to Plaintiff's civil rights;

    ii. Failing to provide adequate or reasonable training, supervision, monitoring or control of managers or supervisors, including the managers referenced herein, so that managers carry out their duties without infringing upon Plaintiff's civil rights; and

    iii. Failing to hold supervisors and managers responsible for the misconduct of their subordinates; and

    iv. Failing to provide adequate or reasonable training, supervision, monitoring, or control of managers or supervisors, including the managers references herein, so that managers carry out their duties without retaliating against Plaintiff.

## VI. DAMAGES

25. As a result of the actions of the Defendant as described above, Plaintiff has suffered

damages, as follows:

      a. Plaintiff suffered severe physical, mental, emotional injury and pain and suffering;

      b. Plaintiff suffered loss wages, loss of all benefits, humiliation, impairment of reputation, based on terms and conditions of employment; and

      c. All other damages provided by statute or law.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that after due proceedings, there be judgment on his behalf and against Defendant, for damage, *inter alia*:

1. Compensatory damages;

2. Reasonable attorney's fees and all costs associated with these proceedings;

3. That judicial interest be awarded from the date of judicial demand;

4. That this matter be tried by a jury; and

5. All other relief that this Court deems just and proper and any other relief as allowed by law as prayed for herein.

Respectfully submitted,

*/s/ Dayal Reddy*
Dayal Reddy (#31928)
2901 Ridgelake Drive.; Suite 105
Metairie, Louisiana  70002
Phone: (504) 383-3606
Fax: (866) 910-5978
Email: dayalsreddy@gmail.com
*Lead Attorney for Plaintiff*

/s/ Marion Floyd
Marion Floyd (LSBA #22902)
1403 West Esplanade Avenue; Suite A
Kenner, LA  70065
Ph: 504-467-3010
Email: floydmar@bellsouth.net
*Attorney for plaintiff*

Service on Defendants Westlake Chemical Company to be effected in accordance with Fed. R. Civ. P. 4.

*/s/ Dayal Reddy*
Dayal Reddy

6